**No. 67040.**—Stor-All Corp. *v.* United States, protests 61/18186, 61/18189, and 61/18195 (Los Angeles).

Opinion by RAO, J.  In accordance with stipulation of counsel that the merchandise consists of parts of barbecue grills similar in all material respects to those the subject of Abstract 66689, the claim of the plaintiff was sustained.

**No. 67041.**—Ignaz Strauss & Co., Inc. *v.* United States, protest 60/6664 (New York).

Opinion by FORD, J.  In accordance with stipulation of counsel that the merchandise consists of candlesticks and candelabras similar in all material respects to those the subject of Abstract 62036, except that they are silver plated on metals other than nickel silver or copper, the claim of the plaintiff was sustained.

**No. 67042.**—Charles Garcia & Co., Inc., et al. *v.* United States, protests 283783–K, etc. (New York).

Opinion by FORD, J.  In accordance with stipulation of counsel that the merchandise consists of monofilament fishing lines the same in all material respects as those the subject of Abstract 60183, the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 17, 1962

**No. 67043.**—Alexanders Dept. Stores, Inc., et al. *v.* United States, protests 60/5747, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C.C.P.A. 15, C.A.D. 458), the claim of the plaintiffs was sustained.

No. 67044.—Associated Dry Goods Corp. (Lord & Taylor Div.) et al. *v.* United States, protests 61/8273, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C.C.P.A. 15, C.A.D. 458), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, SEPTEMBER 18, 1962

No. 67045.—Harold J. Ritter Co., Inc. *v.* United States, protest 60/5745 (New York).

LAWRENCE, Judge: Upon importation of two shipments of metal ball bearings, the collector of customs classified the merchandise within the *eo nomine* provision for metal ball bearings in paragraph 321 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 321), as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, supplemented by Presidential proclamation, 85 Treas. Dec. 116, T.D. 52462, and assessed duty thereon at the compound rate of 4 cents per pound and 17½ per centum ad valorem.

Plaintiff, by its protest and the amendment thereof, makes alternative claims that the merchandise should have been granted the benefit of free entry as metal scrap, pursuant to Public Law 869, 81st Congress, 2d session, as amended by Public Law 66, 82d Congress, 1st session, or subjected to duty at the rate of 37½ cents per ton as scrap iron or steel within the purview of paragraph 301 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 301), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

By stipulation of the parties hereto, with the approval of the court, the evidence in *Harold J. Ritter Co., Inc.* v. *United States*, 42 Cust. Ct. 488, Reap. Dec. 9314, was received in evidence herein with the same force and effect as if it were taken in this case.

The testimonial record discloses that two witnesses were called on behalf of plaintiff and one witness for the defendant.

From the testimony of plaintiff's witness Jesse L. Skaggs, sales manager of the plaintiff-importer, and Edmond A. Edwards, assistant manager at the Stamford plant of the importing company, the following facts appear. The two shipments of ball bearings were shipped from New York, the port of entry, to the